# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2192V**

ALICE RAYE CARPENTER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: December 5, 2023

*Jennifer K. Oetter, Lewis Brisbois Bisgaard & Smith LLP (OR), Portland, OR, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On November 19, 2021, Alice Carpenter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome caused by an influenza vaccine administered to her on November 15, 2019. Petition, ECF No. 1. On February 13, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 32.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $56,642.37 (representing $55,795.03 in fees and $847.34 in costs). Petitioner's Application for Attorney's Fees ("Motion") filed June 30, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 44.

Respondent reacted to the motion on Jul. 5, 2023, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests compensation for attorneys[3] performing work in this matter as follows:

| | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| Eric J. Neiman, Esq. | $500 | $500 | $500 | $500 |
| Sarah Desautels, Esq. | X | $350 | X | X |
| Alexandra McLain, Esq. | X | X | $350 | $350 |
| Paralegals | $225 | $225 | $225 | $225 |

These rates require adjustment. Mr. Neiman has been a practicing attorney since 1982, (ECF No. 37 at 5), placing him in the range of attorneys with 31+ years' experience based on the OSM Attorney's Fee schedules.[4] Mr. Neiman also has nearly 10 years' experience representing Petitioners in the Vaccine Program. *Id.* at 5. However, Mr. Neiman's requested rate of $500 for his time billed in 2020 exceeds the Fee schedule's published range for comparably-experienced attorneys. Mr. Neiman's hourly rate was last established based upon a case decided in 2017, at which time he was awarded $375 per hour for that year. See *Hale* v. *Sec'y of Health & Hum. Servs*., Slip Op at *55, (Fed. Cl. Spec. Mstr. Apr. 26, 2017).

Thus, even allowing for increases each year since, the flat rate requested herein is excessively high. And hourly rates on the highest end of the experience ranges are usually awarded only to those attorneys with significant experience in the Vaccine Program. See *McCulloch v. Sec'y of Health and Human. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to compensate Mr. Neiman at the lesser rate of $425**

[3] It does not appear from the billing records submitted in this case that the attorney currently representing Petitioner with respect to this fees motion, Ms. Jennifer Oetter, seeks reimbursement for any time spent on this matter.

[4] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

**per hour for his time billed in the 2020-23 timeframe.** This reduces the amount of fees to be awarded herein by **$2,017.50.**[5]

Sarah Desautels has been a practicing attorney since 2020 (ECF No. 37 at 6), placing her in the range of attorneys with less than four years' experience based on the OSM Fee Schedules. Such attorneys are entitled to hourly rates between $177 - $275 for work performed in 2021-22. Ms. Desautels requested rate of $350 therefore exceeds the Vaccine Program's published ranges for comparably experienced attorneys. Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to compensate Ms. Desautels at the lesser rate of $250 per hour for all time billed in the 2021-22 timeframe**. This reduces the amount of fees to be awarded herein by **$420.00.**[6]

Alexandra McLain has been a practicing attorney for over four years (ECF No. 38 at 3), placing her in the range of attorneys with 4-7 years' experience based on the OSM Fee Schedules. Although Ms. McLain's requested rate falls within the appropriate experience ranges, she does not have demonstrated Vaccine Act experience, and it is therefore improper for her to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *McCulloch*, 2015 WL 5634323, at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). **I instead find it reasonable to compensate Ms. McLain at the lesser rate of $275 for all time billed in the 2022-23 period**. This further reduces the amount of fees to be awarded herein by **$1,845.00.**[7]

*B. Paralegal Hourly Rates*

For paralegal work, Petitioner requests $225 per hour for all time billed in the 2021-23 timeframe. ECF No. 37 at 3. This rate exceeds the Vaccine Program's published ranges for paralegals for the given timeframe, and therefore requires adjustment. I shall instead compensate all paralegal work performed in the 2021-23 period at the reduced

---

[5] This amount is calculated as: ($500 - $425 = $75 x 26.90 = $2,017.50).

[6] This amount is calculated as: ($350 - $250 = $100 x 4.20 hrs = $420.00).

[7] This amount is calculated as: ($350 - $275 = $75 x 24.60 hrs = $1,845.00).

rate of $160 per hour. This rate is more comparable to what a paralegal would receive for said years. This further reduces the amount of fees to be awarded by **$9,308.00**.[8]

Finally, Petitioner requests $847.34 in overall costs (Motion at 15), and has provided supporting documentation for all claimed costs. ECF No. 45. Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$43,051.87 (representing $42,204.53 in fees plus $847.34 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jennifer K. Oetter.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[8] This amount is calculated as follows: ($225 - $160 = $65 x 143.20 hrs = $9,308.00).

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.